Case 4:23-cv-03215   Document 138   Filed on 12/23/24 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
December 23, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Sung Jin Su,<br>　*Plaintiff/Counter-Defendant,*<br><br>v.<br><br>Gaya Won, LLC,<br>World Kuk Sool Association, Inc,<br>and WKSA, LLC,<br>　*Defendants/Counter-Plaintiffs/*<br>　*Third-Party Plaintiffs,*<br><br>v.<br><br>Alex Paul and Chris Pak,<br>　*Third-Party Defendants.* | Civil Action H-23-3215 |

### MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 77. Pending before the court is Third-Party Defendant Alex Paul's Motion to Dismiss under Rules 12(b)(6) and 12(b)(2), ECF No. 88, and Paul's Motion for Summary Judgment, ECF No. 107. The court recommends that Paul's Motion to Dismiss, ECF No. 88, be **GRANTED**. Accordingly, Paul's Motion for Summary Judgment, ECF No. 107, should be **DENIED as MOOT**.

### *1. Background and Procedural Posture*

This suit involves a bitter business dispute in the Korean martial arts field. Sung Jin Su filed suit in California state court against three companies that are run by his family: World Kuk Sool Association, Inc., WKSA, LLC, and Gaya Won LLC (collectively WKSA). ECF No. 55. The suit was removed to federal

court and transferred to the Southern District of Texas. *See* ECF No. 39. In response, WKSA alleged counterclaims against Su and third-party claims against two individuals: Alex Paul, who is Su's lawyer and a former WKSA member, and Chris Pak, who is a former WKSA franchise owner. ECF No. 87. WKSA's claims against Paul include trademark infringement, contributory trademark infringement, copyright infringement, cybersquatting, civil conspiracy, and tortious interference with an existing contract. ECF No. 87.

The court granted leave to conduct jurisdictional discovery. ECF No. 82. Paul then filed a motion to dismiss for lack of personal jurisdiction and failure to state a claim. ECF No. 88. He also filed a motion for summary judgment. ECF No. 107. Paul's motions are the subject of this M&R.

WKSA runs a large Korean martial arts organization with franchises around the world. Paul is an attorney who represents Su in this suit and is a former WKSA black belt student. ECF No. 87 ¶ 61. Paul lives in California and has lived there for the last twenty-five years. Decl. of Alex Paul, ECF No. 88-2 ¶ 2. He does not own or lease any property in Texas, and the only time he has been to Texas within the last five years was to attend a mediation on behalf of Su for this case. *Id.* ¶ 5.

Beginning in 1997, Paul was a WKSA student and a member of WKSA organizations, and he remained a member for more than 25 years, until approximately 2022. ECF No. 93 at 7. During that time, WKSA was exclusively headquartered in Houston. *Id.* According to WKSA, Paul signed agreements requiring "that any disputes arising from or relating to such agreements must be resolved in Texas, in accordance with Texas law." *Id.* Paul disputes this statement and declares that he never signed any agreements stipulating that any disputes must be resolved in Texas and that he has never been to any of WKSA's facilities in Texas. ECF

2

No. 88-2 ¶¶ 2, 13. There is no evidence that these alleged contracts or Paul's time as a student in a WKSA school relate to any claims in this case.

Paul obtained a Texas law license in April 2023, and he declares that he obtained his Texas license "for the sole purpose of representing Mr. Su in this litigation as his attorney-in-charge." *Id.* ¶ 9. He states that he does not conduct or solicit any business in Texas and that he has never sold or distributed any goods or services in Texas related to the subject matter of the allegations in this case. *Id.* ¶ 8. WKSA argues that Paul "must have taken the February 2023 bar exam, which had a registration deadline of December 1, 2022," three months prior to filing this suit in California. ECF No. 93 at 5–6. Paul argues in response that he "was admitted to the Texas bar without examination, based on his qualifications and years of experience." ECF No. 94 at 4.

WKSA provides evidence that Paul owns several websites that may infringe upon WKSA's intellectual property. ECF No. 93 at 8. Paul also filed a "Notice of Opposition" in the U.S. Patent and Trademark Office (USPTO) opposing registration of WKSA's trademark applications. ECF No. 28-19. In that document, Paul states that he owns several website domains, including:

- KoreanMartialArtsAssociation.org,
- KoreanMartialArtsInstitute.com,
- KukSulWon.com, and
- 국술원.com.

ECF No. 28-19 at 5. WKSA argues that "KukSulWon.com is a phonetic variation of [WKSA's] registered KUK SOOL WON mark[, and] 국술원 are Korean characters that translate to KUKSOOL WON," which appear in WKSA's registered logo. ECF No. 93 at 8. WKSA argues that "this is not a case where Paul was

merely a counselor to a party in a Texas lawsuit. Rather, long before the case was in Texas, Paul took extraordinary steps to harm Counter-Plaintiffs in Texas." *Id.*

### 2. Standard of Review

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to make a prima facie showing that the court has jurisdiction over a nonresident defendant. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). The court may rely on affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery to determine whether it can assert jurisdiction. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After a plaintiff makes its prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

### 3. Legal Standard and Analysis

A federal court has jurisdiction over a nonresident defendant if: (1) the state's long-arm statute confers personal jurisdiction over that defendant, and (2) the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ham*, 4 F.3d at 415. Because the Texas long-arm statute extends to the limits of federal due process, the court need only analyze the second factor—whether jurisdiction is consistent with constitutional due process. *Id.* Thus, the court must determine whether: (1) the defendants have established "minimum contacts" with the forum state, and (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions

4

of fair play and substantial justice." *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. A determination of "minimum contacts" may be subdivided into two categories: contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999).

General jurisdiction exists over a nonresident defendant when its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). For an individual, the "paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.* at 924.

Paul's domicile is California. ECF No. 88-2 ¶ 2. WKSA does not specifically argue that Paul has had continuous, systematic, and substantial contacts with Texas to support the court's exercise of general personal jurisdiction. But WKSA does present facts, such as Paul's law license and prior relationship with WKSA as a student, that are unrelated to WKSA's claims and appear to be an attempt to support the court's exercise of general jurisdiction.

If a nonresident lawyer continuously and systematically practices law in Texas, the court may exercise general jurisdiction over that lawyer. *Nikolai v. Strate*, 922 S.W.2d 229, 237–39 (Tex. App.—Fort Worth 1996, writ denied). In *Nikolai*, a nonresident lawyer who had: gone to law school in Texas, been licensed in Texas for decades, rendered legal services in Texas cases at least fifteen times in the past eleven years, taken at least forty-five trips

to Texas, held himself out as a Texas attorney, and previously lived in Texas while practicing law in Texas had minimum contacts with Texas to allow the court to exercise general jurisdiction. *Id.* Based on the totality of the lawyer's contacts, he should have anticipated being sued in Texas. *Id.* at 239.

Paul's contacts do not meet this high standard. Here, Paul obtained a Texas law license less than two years ago in April 2023, "for the sole purpose of representing Mr. Su in this litigation as his attorney-in-charge." *Id.* ¶ 9. Paul does not conduct or solicit any business in Texas. *Id.* ¶ 8. Paul is not essentially at home in Texas and his contacts with Texas have not been continuous and systematic.[1]

The fact that Paul was a student at a WKSA school outside of Texas and a member of WKSA is also insufficient to allow the court to exercise general jurisdiction over Paul. WKSA alleges, without providing evidence, that Paul executed at least five agreements with WKSA, agreeing to resolve disputes in Texas. WKSA's allegation is directly contradicted by Paul's declaration—Paul declares that he never signed any such agreements. *See* ECF No. 93 at 7 (failing to provide evidence supporting its statement); ECF No. 88-2 ¶ 13. Paul also states that he has never been to any of WKSA's facilities in Texas. ECF No. 88-2 ¶ 13. In any event, there is no evidence that the subject matter of the alleged agreements Paul signed relate to the subject matter of this lawsuit. Therefore, any forum selection clause in those contracts would not have any bearing on this court's exercise of personal jurisdiction over Paul in this case. Paul's prior contacts with WKSA are not

---

[1] Courts have applied the *specific* personal jurisdiction analysis in these situations. *See Nawracaj v. Genesys Software Sys., Inc.*, 524 S.W.3d 746 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (addressing specific personal jurisdiction for a nonresident lawyer's practice of law in Texas where claims were related to the lawyer's practice).

continuous and systematic contacts with Texas, and the court cannot exercise general personal jurisdiction over Paul.

Courts apply a three-step test to determine whether specific jurisdiction exists. *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 786 (5th Cir. 2021). First, plaintiff must show the defendant had minimum contacts with the forum; second, plaintiff must show their cause of action arises out of defendant's minimum contacts; and third, if plaintiff satisfies the first two steps, it is the defendant's burden to show that exercising jurisdiction would prove unfair or unreasonable. *Id.*

To evaluate whether a defendant's minimum contacts allow the court to exercise specific jurisdiction, courts consider whether the defendant "purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there[.]" *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014). But if an act done outside the state has consequences in the state, those acts "will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct." *McFadin v. Gerber*, 587 F.3d 753, 761 (5th Cir. 2009) (citing *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 628 (5th Cir. 1999)).

A cause of action against a nonresident defendant must arise out of or directly relate to the defendant's contacts with the forum to give rise to specific jurisdiction. *Marathon Oil Co.*, 182 F.3d at 295. "[T]he relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Walden*, 571 U.S. at 284 (citing *Burger King*, 471 U.S. at 475).

7

WKSA's claims do not arise out of or relate to Paul's practice of law in Texas, Paul's prior membership in the WKSA organization, or any alleged contracts Paul made with WKSA. Activities that gave rise to WKSA's claims appear to either have occurred before Paul was licensed to practice law in Texas, or arise against Paul as an individual, not related to his practice of law.

The only remaining basis for exerting jurisdiction over Paul, and thus the remaining issue, is whether Paul's registered website domain names and filings with the USPTO show that Paul had minimum contacts with Texas such that the court may exercise jurisdiction over him. The analysis for exercising personal jurisdiction based on activities on the internet, at its most basic level, should be the same as the analysis for any other case. But because internet-based contacts present unique circumstances for exercising personal jurisdiction, courts proceed with the analysis in at least two ways.

In one line of cases, courts apply the *Zippo* framework. *Admar Int'l*, 18 F.4th at 786 (citing *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997)). Under *Zippo*, purposeful availment turns on "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Id.* (quoting *Zippo*, 952 F. Supp. at 1124). Merely running a website that can be accessed in all fifty states, but does not target the forum state, is insufficient to establish minimum contacts. *Admar Int'l*, 18 F.4th at 785. WKSA has not presented any evidence about how Paul's websites operate. There is no evidence that would permit the exercise of jurisdiction over Paul under the *Zippo* test.

In in cases relating to online trademark infringement and cybersquatting actions, courts within the Fifth Circuit have held that when a defendant intentionally directs his tortious acts toward Texas, the exercise of specific jurisdiction can be proper.

*See IntelliGender, LLC v. Soriano*, No. 2:10-CV-125-TJW, 2011 WL 903342, at *11 (E.D. Tex. Mar. 15, 2011); *First Fitness Intern., Inc. v. Thomas*, 533 F. Supp. 2d 651, 656 (N.D. Tex. 2008). The cases addressing personal jurisdiction based on trademark infringement and cybersquatting fall on a fact-specific spectrum.

On one end of the spectrum, Defendants had prior related contacts with Texas in addition to online infringement and cybersquatting allegations against them. In that type of case, the court may exercise jurisdiction. For example, in *First Fitness Intern.*, 533 F. Supp. 2d at 656, Defendants were prior authorized distributors for Plaintiff's products who exploited their "close relationship with the [Plaintiff]" and intentionally infringed on Plaintiff's trademarks with knowledge that their tortious activities would harm the Plaintiff in Texas. *First Fitness Intern.*, 533 F. Supp. 2d at 656. The Defendants had visited Texas to attend a distributor's meeting and had previously purported to operate their websites from within Texas. *Id.* The court exercised jurisdiction under those facts.

On the other end of the spectrum are Defendants who have no other contacts with Texas, and the only theory for exercising jurisdiction is Defendant's infringing website domain name. *See, e.g., YETI Coolers, LLC v. Voyager Indus., Inc.*, No. 1:19-CV-692-RP, 2020 WL 919156, at *2 (W.D. Tex. Feb. 26, 2020), *R&R adopted*, 2020 WL 4589059 (W.D. Tex. Apr. 8, 2020). "In the absence of other contacts with the state, a trademark defendant's intentional injury to the plaintiff in Texas" is insufficient to allow the court to exercise jurisdiction. *Id.* (citing *Breakall v. Munn*, No. A-08-CA-485-LY, 2008 WL 11417063 (W.D. Tex. Oct. 9, 2008)).

Between these two endpoints are cases where the Defendant has other, unrelated, contacts with Texas, and allegedly intentionally infringes on Plaintiff's trademarks via a domain name. *See Wilson v. Wilson*, No. 5:15-CV-01024-XR, 2016 WL

2889088, at *3–5 (W.D. Tex. May 17, 2016). In *Wilson*, the court declined to exercise jurisdiction over the Defendant for trademark claims where the Defendant had previously performed a concert in Texas and also registered an allegedly infringing website domain name. *Id.* There, the court found that the concert in Texas was unrelated to trademark infringement and cybersquatting claims and that the Plaintiff "failed to allege facts sufficient to demonstrate that Defendants, in diverting the [domain names] . . . expressly and intentionally aimed their conduct toward the State of Texas with the intent of harming Plaintiff." *Id.* at *5.

Paul's contacts are more akin to those of the Defendants in *Wilson*. Paul does have unrelated contacts with Texas, such as his law license and membership in WKSA as a student, but those contacts do not give rise to WKSA's claims. WKSA provides evidence that Paul owns several websites that may infringe upon WKSA's intellectual property. *See* ECF No. 28-19 at 5. Paul also filed a "Notice of Opposition" in the USPTO opposing registration of WKSA's trademark applications. *Id.* at 3. WKSA argues that, because of Paul's history with WKSA, Paul took tortious actions by registering these domain names and specifically directed his actions toward WKSA. *Id.* at 8–9.

Paul states in his declaration that he "registered the domain name Kuksulwon.com for a legitimate business purpose, not to profit from any goodwill associated with [WKSA's] claimed trademark rights." ECF No. 88-2 ¶ 17. He also states that he is not a partner in Su's martial arts business and that his involvement with Su is limited to his attorney-client relationship. *Id.* ¶ 14.

WKSA has failed to show how Paul, by registering domain names that may infringe on its registered marks and by filing documents with the USPTO in Virginia, has sufficient minimum contacts with Texas. WKSA has not provided any evidence that Paul directed any contacts toward Texas, nor has it alleged that

Paul was in Texas when he took any infringing acts. WKSA does not allege that Paul directed calls or emails into Texas, sold any goods in Texas, or operated his website out of Texas. WKSA only alleges that Paul's actions were intended to harm WKSA, not that Paul has purposely reached into Texas for any purpose.

Accordingly, the court recommends that Paul's motion to dismiss for lack of personal jurisdiction be granted. As such, Paul's pending motion for summary judgment, ECF No. 107, should be denied as moot.

### *4. Conclusion*

For the foregoing reasons, the court recommends that Paul's Motion to Dismiss, ECF No. 88, be **GRANTED**. Paul's Motion for Summary Judgment, ECF No. 107, should be **DENIED as MOOT**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on December 23, 2024.

_____
Peter Bray
United States Magistrate Judge