United States District Court
Southern District of Texas

**ENTERED**

April 30, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SUNG JIN SU, §
§
    Plaintiff/Counter-Defendant, §
§
v. § Civil Action No. H-23-3215
§
WORLD KUK SOOL §
ASSOCIATION, INC., WKSA, LLC, §
and GAYA WON LLC, §
§
    Defendants/Counter-Plaintiffs. §
§

## ORDER

Pending before the Court is Defendants' Motion for Statutory Damages and Injunctive Relief (Document No. 185). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted in part with respect to a portion of the injunctive relief requested, and denied in part with respect to the statutory damages requested.

## I. BACKGROUND

This case involves a family business dispute between father and son in the Korean martial arts field. On March 3, 2023, Plaintiff Sung Jin Su filed suit in California state court against three companies that are run by his family: Defendants World Kuk Sool Association, Inc., WKSA, LLC, and Gaya Won LLC (collectively "WKSA"). After a contentious pretrial period, the Court held a five-day jury trial,

considering Plaintiff's sole remaining claim for misappropriation of his name or likeness, and WKSA's sole remaining counterclaim for trademark infringement.[1] On June 9, 2025, a federal jury found Plaintiff liable for trademark infringement for the usage of WKSA's trademarks, and WKSA not liable for misappropriating Plaintiff's likeness.[2] WKSA now moves for statutory damages and a permanent injunction.[3]

## II. LAW & ANALYSIS

WKSA contends that they are entitled to an award of statutory damages and permanent injunctive relief. The Court will consider each of WKSA's requests in turn.

### A.     Statutory Damages

WKSA contends that under the Lanham Act, it should be awarded statutory damages for their claim of counterfeiting in the amount of $1,400,000.00 pursuant

---

[1] The Court notes Magistrate Judge Peter Bray's forty-five-page Memorandum and Recommendation adopted by this Court, in which he considered eight highly contentious pre-trial motions. *See Magistrate Judge Peter Bray's Memorandum and Recommendation,* Document No. 139 at 1–45. Therein, Judge Bray summarized the nature of this dispute as follows: "Neither side has been willing to concede a single point, even when it is clear to the court that there is no evidence or law in support of their position … [t]he Court also notes that, while the parties have submitted voluminous briefing, that briefing does not cite much actual evidence … [f]inally, the court observes that, despite the length of the briefs, the parties have in many cases provided the court with little, if any, legal analysis." *Id.* at 5–6.

[2] *See Jury Verdict,* Document No. 184 at 1–27.

[3] *See WKSA's Post-Trial Brief on Statutory Damages and Injunctive Relief,* Document No. 185 at 1–18.

to 15 U.S.C. § 1117(c). In response, Plaintiff contends that WKSA failed to plead or try a counterfeiting claim required to obtain statutory damages under 15 U.S.C. § 1117(c), or provide Plaintiff with fair notice of WKSA's intent to pursue statutory damages.[4] The Court has reviewed both WKSA's Third-Party Complaint, and the Amended Joint Pre-Trial Order in this matter which supplanted the pleadings pursuant to Federal Rule of Civil Procedure 16(e).[5] A thorough review of WKSA's Third-Party Complaint reveals that WKSA fails to utilize the term "counterfeit" anywhere therein, only alleging that Plaintiff's use of WKSA's marks was "likely to cause confusion."[6] The Court notes that WKSA fails to allege that Plaintiff used a counterfeit mark, nor does WKSA reference the statutory provision they now seek statutory damages under. A thorough review of the Amended Joint Pre-Trial Order in this case reveals a similar story, in which WKSA's states its sole remaining

---

[4] *See Plaintiff Sung Jin Su's Response in Opposition to WKSA's Post-Trial Brief on Statutory Damages and Request for Permanent Injunctive Relief*, Document No. 186 at 1–21.

[5] *See WKSA's Second Amended Counterclaim and Third-Party Complaint*, Document No. 87 at 1-48; *see also Amended Joint Pretrial Order*, Document No. 156 at 1–38.

[6] *WKSA's Second Amended Counterclaim and Third-Party Complaint*, Document No. 87 at 19.

counterclaim as "trademark infringement," with no reference to counterfeiting as a separate claim for trial.[7]

To overcome these deficiencies, WKSA argues that by asserting a claim under 15 U.S.C. § 1114 in their Second Amended Complaint and explicitly seeking statutory damages, WKSA inherently asserted counterfeiting. WKSA further argues that they were not required to say "the magic words" of counterfeiting to adequately plead a claim for counterfeiting.[8] In response, Plaintiff contends that counterfeiting is a distinct statutory wrong that carries heightened remedies, thus requiring WKSA to provide adequate notice of their intent to pursue a claim that could result in a higher level of culpability. Plaintiff further notes for the Court WKSA's unilateral statutory damages stipulation filed on June 2, 2025, the morning that trial began, depriving Plaintiff of fair notice.[9] Plaintiff contends that WKSA litigated this case throughout discovery, dispositive motions, and pre-trial filings on an actual-damages theory, failing to offer Plaintiff fair notice to defend against statutory damages.

---

[7] *Amended Joint Pretrial Order*, Document No. 156 at 3.

[8] *WKSA's Reply on Statutory Damages and Injunctive Relief*, Document No. 198 at 3–4.

[9] *See Defendants' Unilateral Damages Stipulation*, Document No. 174. The Court further notes that WKSA also unilaterally filed a ninety-six-page second amended proposed jury charge on the morning of the first day of trial. *See Defendants' Unilateral Proposed Jury Charge*, Document No. 173 at 1–96.

Having considered the foregoing, submissions, and applicable law, the Court finds that WKSA effectively blindsided Plaintiff by failing to adequately provide notice of its intent to bring a claim for counterfeiting and pursue statutory damages, thereby significantly prejudicing Plaintiff's abilities to adequately defend himself. Accordingly, the Court finds that WKSA's request for statutory damages should be denied.[10] The Court will now consider WKSA's request for a permanent injunction.

B.    *Permanent Injunction*

The Lanham Acts expressly vests the Court with the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right" of a trademark holder. 15 U.S.C. § 1116(a). A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. "A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a

---

[10] Considering the Court's findings that WKSA failed to properly plead their claim of counterfeiting and failed to provide adequate notice of its intent to proceed with statutory damages, the Court declines to consider Plaintiff's arguments related to willfulness.

permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Here, WKSA contends that the jury's finding for trademark infringement coupled with Plaintiff's demonstrated history of trademark infringement should result in a permanent injunction issued by this Court. WKSA specifically requests the Court enjoin Plaintiff from using any of WKSA's trademarks. WKSA also requests three additional and significant injunctive measures: (1) a prohibition of Plaintiff's ability to contest or oppose any of WKSA's trademark before any governmental or administrative body, including the United States Patent and Trademark Office and the World Intellectual Property Organization; (2) an advisory declaration that the final judgment reflects WKSA's ownership of valid, legally protected trademarks; and (3) an order from this Court requiring Plaintiff to permanently destroy any materials in his custody that includes any of the WKSA trademarks.

In response, Plaintiff contends that WKSA's proposed injunctive relief is overbroad, punitive, and contrary to established limits on trademark relief. Specifically, Plaintiff contends that any forthcoming injunction should not limit Plaintiff's ability to engage in future trademark challenges before government agencies because such prohibition would constitute an unconstitutional prior restraint on petitioning activity disserving the public interest. Plaintiff further

contends that WKSA's demand for destruction of Plaintiff's personal items such as personal uniforms and certificates is antithetical to the language of the Lanham Act, which authorizes destruction of specific commercial items including labels, signs, prints, packages, and advertisements in the possession of the defendant. *See* 15 U.S.C. § 1118. Finally, Plaintiff contends that the Court should decline WKSA's request for an advisory declaration that its trademarks are valid because the issue of validity was never tried.[11]

The Court has thoroughly reviewed the jury verdict in this case, which contains a federal jury's explicit finding that Plaintiff's "use of any of WKSA's trademarks create[d] a likelihood of consumer confusion … resulting in trademark infringement."[12] Thus, the Court determines that injunctive relief is appropriate for the purposes of incorporating the jury's trademark infringement finding, and precluding Plaintiff from the usage of WKSA's trademarks in a commercial context. With regards to WKSA's additional requests of injunctive relief, the Court declines to limit Plaintiff's right to contest future trademarks with relevant government agencies. The Court also declines to require Plaintiff to destroy any personal items

---

[11] The Court further notes the Court's instructions to the jury which explicitly stated that "Plaintiff Sung Jin Su stipulates that **in this case only**, the WKSA parties collectively own seven valid trademarks, and further agrees that he does not contest their validity or ownership." *Jury Instructions and Verdict*, Document No. 184 at 13.

[12] *Jury Instructions and Verdict*, Document No. 184 at 24.

within his possession. The Court also declines to grant WKSA's request for the Court to independently declare WKSA's trademarks are valid, as this issue was not litigated before this Court or presented to the jury for trial.

### IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion for Statutory Damages and Injunctive Relief (Document No. 185) is **GRANTED IN PART AND DENIED IN PART**. The Court further

**ORDERS** that Defendants' request for statutory damages is **DENIED**. The Court further

**ORDERS** that Defendants' request for a permanent injunction is **GRANTED IN PART**. Plaintiff Sung Jin Su is hereby permanently enjoined from:

- Using any of the WKSA Marks in connection with any martial arts–related goods or services including any print, digital, or audiovisual materials in any manner and using any variation, misspelling, or derivative of the WKSA Marks that is confusingly similar such as United Mirae Kuk Sool or Mirae Kuk Sool.

- Expressly or impliedly stating, suggesting, representing, or implying to a reasonable person that they are affiliated with, endorsed by, authorized by, or otherwise connected to WKSA, its officers, schools, or programs.

- Directly or indirectly circumventing or attempting to circumvent any term of the injunction, including acting through or in concert with a third party, creating successor entities, or altering spelling or visual styling of the WKSA Marks.

SIGNED at Houston, Texas, on this **30** day of April, 2026.

DAVID HITTNER
United States District Judge